IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

RECEIVED
2014 JAN 30 AM 10: 22
U.S. COURT OF APPEALS
FOURTH CIRCUIT

NUMBER # 13-4913

FRANK MARFO/ Appellant;

vs.

THE UNITED STATES OF AMERICA/

INFORMAL BRIEF/ PRO SE
APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

FRANK MARFO PRO SE
#54296-037
USP HAZELTON P.O. BOX 2000
Bruceton Mills, W 26525.

UNITED STATES COURT OF APPEALS FOR
FOURTH CIRCUIT

NO# 13-4913

D.C.# 1;11-cr-00657-MJG-3

INFORMAL BRIEF

(1) Jurisdiction:
A. UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND.

B. DATE OF ORDER FOR WHICH REVIEW IS SOUGHT: 11/19/2013.

(2) EXACT DATE ON WHICH NOTICE OF APPEAL WAS PLACED IN THE INSTITUTION'S MAILING SYSTEM: 11/21/2013.

(3) ISSUES FOR REVIEW:

ISSUES(1).

THE DISTRICT ABUSED IT'S DISCRECTION BY DENYING THE APPELLANT'S REQUEST FOR DISCLOSURE OF THE GRAND JURY'S CONCURRENCE FORM.

Supporting Facts And Arguments:

On or about July 9th 2013 the Appellant submitted to the district court a motion for the production and inspection of the Grand Jury's concurrence form Superseding Indictment filed in his criminal case. Pursuant to fed.R.Cr.P. 6(f).
The District court denied the motion without prejudice on or about July 16th 2013.

On or about 9/02/2013 the Appellant resubmitted the request for disclosure of the grand jury's concurrence form and the identity and votes of those who indicted him. This motion was filed through his appellant attorney. Gregory W. Garnder and

1

Kenneth E. McPherson. The district court denied the motion. On or about 11/19/2013.

Argument:

The appellant avers that the district Court abused it's discretion by denying his request for the production of the grand jury's concurrence form and the votes and identity of the jurors that indicted him.

The denial of request for disclosure under rule 6 of the criminal procedures are reviwed for an abuse of discretion. see **IN Re Grand Jury Proceedings:** 800F.2d. 1293 (4th cir 1986). Federal rule of criminal procedures 6(e) provides that the tridtional rule of grand jury secerecy maybe placed aside under certian circumstances to allow for disclosure at a time, and in a manner, subject to any other condiction that the court may direct. rule 6(e)(3)(E)(i).

The Supreme Court has explained that a party seeking disclosure of grand jury material must make a showing of a particularized need. By demostrating that (1) the material are needed to avoid an injustice in another judicial proceeding: (2) the need for disclosure is greater than the need for continued secrecy: And (3) The request is structured to cover only the needed materials. **Douglas Oil Co. vs Petrol Stops Northwest** 441 U.S. 211, 222 (1979).

Typically, showing of a particularized need arises when a litigant seeks to use the grand jury **"TRANSCRIPTS"** at the trial to impeach a witness. to refresh their recollection, to test his credibility and the likes. However, Appellant is not

2

seeking the Grand Jury's **"TRANSCRIPTS"**,... But is merely seeking the identity of and the vote of those who indicted him for both the original and Superseding indictment.

The Supreme Court declared flatly that the standard for establishing a right to disclosure under rule(6)(e) is not an excessive one, but rather "is a highly flexible one", adapatable to different circumstances and sensitive to the fact that the requirement of secrecy are greater in some situation than in other. <u>Sells</u> 463 U.S. at 445. (1983).

Thus, the strength or weakness of the need for secrecy will naturally determine how strong or minimal must be the justification for disclosure made by the party seeking disclosure under this test... if the reasons for secrecy measured by an assessment of the relevant factors, are weakened or becomes minimal , the justification for disclosure will be diminished. In Re Grand Jury id at 800 F2d. 1299.

Also public interest concerning justification of grand jury secrecy must be considered in a balancing test and includes (1) preventing the accused from escaping before he is indicted and arrested or from tampering with witness against him: (2) preventing disclosure of derogatory information presented to the grand jury against an accused who has not been indicted: (3) Encouraging complainants and witnesses to come before the grand jury and speak freely without fear that their testimony will be made public thereby subjecting them to possible discomfort or retaliation: (4) and encouraging the grand jurors to engage in uninhabited investigation and delibetation by barring disclosure of their votes and comments during the proceeding.

3

The most common factual circumstances which is found in the decision as reasons for regarding the public interest in grand jury secrecy diminished in a particular case is the fact that the grand jury whose material are the subject of the disclosure motion has terminated it's investigation. see **IN Re Grand Jury** 583 F.2d. 128-130,131(5th cir 1978) For example the court said "after the grand jury's investigation has terminated, most of the reasons for continued secrecy are no longer applicable and the others are less compelling. The Supreme Court has expressed itself similarly almost a half century ago when Justice Douglas in **US V Socony-Vacuum Oil Co.** 310 U.S. 150, 234 (1940). Bluntly put it that "After" the grand jury's function are ended, disclosure is wholly proper where the ends of justice require it. That latter circumstances makes the efforts of disclosure "less crucial" and will reduce the need for secrecy. As here, the grand jury's investigation has terminated, but in addition, the resulting criminal proceeding themselves have been concluded without any threat of other prosecution, the reasons for secrecy are weakened even further. Appellant raised in his motion for disclosure that he needed the identity and the votes of those who indicted him regarding the the supreseding and the original indictment. Appellant stated that he had his direct appeal pending before the fourth circuit and that he wanted to raise a claim that the original indictment of December 6th 2011 has the signature of a jury foreperson visible however, the February 23rd 2012 (superseding indictment) does not have a visible signature or any other infromation from which one could assume that a grand jury actuall considered that indictment.

4

As here, appellant Marfo is requesting the grand jury information that would result in a dismissal of his indictment and reversal of his conviction if true. Appellant alleges that the government only impaneled a grand jury to indict co-defendants Mr. Davis and Mr. Byrd Then, he alleges that the government added his name to a supreseding indictment without presenting the information to a grand jury. if, this information is true, this would be an extreme violation of Appellant Marfo's constitutional right to only to be tried on an indictment returned by 12 legally and qualified jurors. Appellants not only has stated a particularized need for the grand jury's identity and votes. He has shown that the two indictment shows irregularities on their faces. The jury foreperson properly signed the first indictment, but the second indictment (superseding) does not have a visible signature. this irregularity provides a basis appellant's Marfo allegation that the government did not convene a grand jury properly. Also the district court stated in its reason for denying the Appellant's motion **"In any event, as can be verified by the appellate court, reference to the Indictment signature page[document #17] filed under seal, there is, in fact a signature of the grand jury foreperson on the superseding indictment"**. However, Appellant would point out that there is **"NO DOCUMENT #17" FILED UNDER SEAL"** (see attached docket sheet) the docket entry has a #16 and 18 but not a #17.

    Not only is the signature issue compelling reasons to disclose the identity and votes. But, also the fact in order for the appellant can properly challenge the legal qualification of the grand jurors.., he must show with exactness that there

5

were irregularity in drawing or impaneling the grand jury see **28 USC ¶1861-1869.**

If, a juror member is unable to speak the english language or is incapable, by reason of mental or physical infirmity to understand the english language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form. or if they have a charge pending against him in State of Federal court of record for a felony in which his civil rights has not been restored by pardon or amnsety. Unless appellant submits this evidential infromation in support of his claim that members of the grand jury was not qualified to serve... there would be no warrant for inquiry into the votes or the identity of the jurors.

Therefore, in addition to the irregularity regarding the signatures the appellant need to be presented with the identity(s) and votes. to make out a valid claim with factual support. otherwise appellant would be making conclusionary allegation.

Appellant would reinterate that the December 6th 2011 indictment was filed against his co-defendants Tavon Dameon Davis and Bruce Eric Byrd. in that indictment the government named an unindicted conspirator, Conspirator #3, but did not name Appellant Marfo. The government however, did name Appellant Marfo as Conspirator #3 in the superseding indictment on 2/23/2012.

In conclusion Appellant Marfo request that the court reverse the decision of the District Court and have the court produce the names and votes of those grand jurors who concurred in the superseding indictment.(if it exist).

6

## CERTIFICATE OF SERVICE

I certify that I have pending in this court of appeals my direct appeal from my criminal conviction under appeal #12-4910.

*[signature]*

I also certify that a true and correct copy of this informal brief filed pro se was sent to all parties. addressed as shown Below:

*[signature]*
27th January 2014

CC. John Francis Purcell Jr.
    Office of the United States Attorney
    36 South Charles st. 4th floor.
    Baltimore, MD 21201-0000


KENNETH E. MCPHERSON.CHTD
6801 Kenilworth Ave suite 202.
RIVERDALE, MD 20737-0000


CC. U.S. COURT OF APPEALS FOURTH CIRCUIT
    1100 East Main Street, Suite 501
    Richmond, VA 23219.

Law Office of Gregory W. Gardner, PLLC
1629 K Street, N.W., Suite 300
Washington, D.C. 20006

(7)

BRUCE MARTIN # 54296-037
SP HAZELTON
P. BOX 2000
BRUCETON MILLS, WV 26525

LEGAL MAIL

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.

United States Penitentiary, Hazelton
Hazelton, WV

OFFICE OF THE CLERK
U.S. COURT OF APPEALS, FOURTH CIRCUIT
1100 EAST MAIN STREET, SUITE 501
RICHMOND, VA 23219

